# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CASSANDRA LANNERS, and<br>WESTON LANNERS,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF MINNESOTA,<br><br>Defendant. | Civil No. 19-CV-2578 (JRT/HB)<br><br>**ORDER** |

Cassandra and Weston Lanners, 2136 Ford Parkway, Suite 5015, St. Paul, MN 55116, *pro se*.

This matter came before the undersigned upon Plaintiff Cassandra Lanners' Motion to Proceed *In Forma Pauperis* ("IFP"). [Docket No. 2]. For reasons outlined below, the Court remands the case to state court, and denies Plaintiff's Motion to Proceed IFP, [Docket No. 2] as moot.

I.   Background

This matter was initiated as Civil Case No. 19-CV-02578-JRT-HB on September 23, 2019, when the Court received Plaintiff's Notice of Removal [Docket No. 1], a 4-page "removal for cause" document [Docket No. 1-1], a 26-page "affidavit" [Docket No. 1-2], two 100-page collections of random documents [Docket Nos. 1-3, 1-4], and an 83-page collection of random documents [Docket No. 1-5]. The Notice of Removal indicates that Plaintiffs' would like to remove Case No. 27-JV-19-1016 from Hennepin

County Juvenile Court. [Docket No. 1 at 1]. The removal is "for cause: violation of due process" and alleges that the Fifth and Seventh Amendments have been violated. [*Id.* at 1]. Further, the "removal for cause" document states "Defendants, having no agreement with plaintiff, conspired under color of law in a nisi prius de facto quasi court not of record proceeding 'in equity' and not at law and did willfully injure, oppress, defraud and deprived plaintiff their unalienable right of due process, secured by the Bill of Rights, with the intent to proceed unlawfully carrying plaintiff away to jurisdictions unknown." [Docket No. 1-1 at 2-3]. Restitution of $1,000 per defendant is requested. [*Id.* at 4]. The 26-page affidavit is a rambling narrative about events at Marriott hotels that do not shed any light on why removal of this case was sought. [Docket No. 1-2]. The additional collection of documents provides no further explanation of why removal is sought to this Court.

The documents are essentially duplicates of those filed earlier this year in *Lanners v. Minnesota et al.,* Case No. 19-CV-2000-PAM-SER. That case was remanded to Hennepin County District Court because District Judge Paul Magnuson concluded that the Court lacked jurisdiction. After reviewing the filings in this case, as well as the filings in Case 19-CV-2000, this Court concludes that the same disposition is appropriate. The case shall be remanded to Hennepin County Court.

II.   Removal

    a. Facts

Plaintiffs' Notice of Removal is difficult, if not impossible, to follow. Plaintiffs appear to allege before this Court that they are defendants in another court, subject to

harmful actions of the Defendants named in this action. The Notice mentions the Fifth and Seventh Amendments, but it does not give concrete details about the nature of the Minnesota State Court proceedings. Because the Minnesota case number—27-JV-19-1016—is a juvenile case number, this Court cannot access public records to determine who the parties are to that case, or if there is still an action pending. The exhibits do contain Juvenile Court Orders that indicate the case is ongoing, with hearings set in late September. [Docket No. 1-4 at 20]. The Notice does not make it clear why removal is appropriate.

    b. Standard of Review

Unless Congress has specified otherwise, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A defendant may remove a state court claim to federal court only if the claim originally could have been filed in federal court." *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000) (*citing Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "Congress has long since decided that federal defenses do not provide a basis for removal." *Caterpillar*, 482 U.S. at 399. A defendant wishing to remove a state court case to federal court must do so within thirty (30) days after the defendant is served either with a copy of the initial state court pleadings or with a state court summons. 28 U.S.C. § 1446(b)(1); *Ackerman v. PNC Bank, N.A.*, No. 12-cv-42 (SRN/JSM), 2012 U.S. Dist. LEXIS 113207, at *3-4 (D. Minn. Aug. 13, 2012) (Nelson, J.). The party seeking

removal has the burden of establishing that removal is appropriate. *See e.g. Baker v. Martin Marietta Materials, Inc.,* 745 F.3d 919, 923-24 (8th Cir. 2014). A removing party may not "inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law." *Id.* at 924, *citing Gore v. Trans World Airlines,* 210 F.3d 944, 948 (8th Cir. 2000).

The Court may raise the issue of remand *sua sponte* if there is any indication that the Court lacks federal question jurisdiction. The Court has a duty to examine whether jurisdiction is appropriate in federal court. *See Krein v. Norris*, 250 F.3d 1184, 1187 (8th Cir. 2001); *Magee v. Exxon Corp.*, 135 F.3d 599, 601 (8th Cir. 1998). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded." 28 U.S.C. § 1447(c) (emphasis added); *see Metropolitan Life Ins. Co., v. Taylor*, 481 U.S. 58, 68, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (explaining that the prudent course for a federal district court that does not find clear Congressional intent to create removal jurisdiction is to remand the case to state court). Section 1441(b) empowers the Court to remand all matters not otherwise within its original jurisdiction and, given the present posture of this case, the Court concludes that a remand is warranted. 28 U.S.C. § 1441(b).

    c. Discussion

Removal here is not appropriate for at least two reasons. First, if Plaintiffs in this action are also plaintiffs in state court, they do not have authority to remove the matter, because removal is only available to defendants.

4

Second, if Plaintiffs' are in fact defendants in state court, the face of the pleadings demonstrates that removal is not appropriate for Case No. 27-JV-19-1016. Removal is not based upon diversity jurisdiction, because it appears that Plaintiffs and Defendants are all connected to Minnesota and the amount in controversy does not exceed $75,000. The alternative basis for removal would be federal question jurisdiction, but that is also lacking, because Plaintiffs do not allege that the underlying case being removed involves any question of federal law.

To the extent that Plaintiffs attempt to invoke federal jurisdiction by bootstrapping the state court proceedings to Due Process or the Fifth and Seventh Amendments, these attempts are unavailing. A removing party cannot insert a federal issue into a case to make removal feasible. *Baker,* 745 F.3d at 923-34. Plaintiffs do not indicate that their federal concerns have been raised in state court. Accordingly, these issues do not create a valid basis for removal.

Alternatively, to the extent Plaintiffs wish to initiate a new lawsuit before this Court about federal causes of action, they must do so via an independent complaint rather than a "notice of removal". A complaint must conform with the Federal Rules of Civil Procedure and it must clearly identify each action taken by each individual defendant so that the parties can clearly understand the issues brought against them.

III. Conclusion

Based upon the foregoing analysis, the Court concludes that it lacks jurisdiction to entertain this case as a properly removed civil action. Accordingly, it hereby

**REMANDS** the case to Hennepin County Juvenile Court. This renders the Motion for IFP **MOOT**. [Docket No. 2].

DATED: September 26, 2019             ____s/John R. Tunheim____
at Minneapolis, Minnesota.              JOHN R. TUNHEIM
                                                            Chief Judge
                                       United States District Court